657 So.2d 1230 (1995)
Frank W. RAINER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3476.
District Court of Appeal of Florida, Fourth District.
July 5, 1995.
Rehearing Denied August 17, 1995.
Richard L. Jorandby, Public Defender and Karen E. Ehrlich, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, and Joan Fowler, Asst. Attys. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
We reverse an order revoking appellant's probation because the evidence was insufficient to show a willful and substantial failure to complete a drug rehabilitation program.
After pleading guilty to charges of burglary and resisting arrest, appellant was sentenced to ten years of probation with the special condition that he complete a drug rehabilitation program at the sheriff's drug farm. Appellant began his rehabilitation as required, but after five months of attendance he was discharged from the treatment facility and transferred to the county stockade. Thereafter, the probation office filed an affidavit of violation and a hearing was held, at which the state argued that appellant failed to complete the drug farm program due to disciplinary problems. The trial court revoked appellant's probation and sentenced him to ten years in the Department of Corrections.
At the revocation hearing, appellant testified that he suffered from Crohn's disease, a serious intestinal ailment, and contended that he was not to blame for his discharge from the drug farm, since his illness interfered with his ability to follow instructions. His illness was corroborated by other evidence, and was not in dispute. There was no evidence to contradict appellant's evidence that it was his disease which caused his disciplinary problems. Appellant also testified that the program was a positive influence on him and that he was willing to complete the program if he could receive medical treatment for his illness.
Any violation triggering a revocation of probation must be "willful" and "substantial," Young v. State, 566 So.2d 69, 70 (Fla. 2d DCA 1990), and like our sister districts, we have previously held that a revocation based on the failure to complete a rehabilitation program must be shown to be the probationer's fault. See Curry v. State, 379 So.2d 140 (Fla. 4th DCA 1978); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978); Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988); Gibbs v. State, 609 So.2d 76 (Fla. 1st DCA 1992).
Because the record shows that appellant suffers from a medical illness which caused his problems at the drug farm, and there is no evidence to the contrary, appellant's failure to complete treatment was not willful and substantial. Gibbs. We therefore reverse the order of revocation and remand this case *1231 to the trial court with directions to reinstate appellant's probation.
GLICKSTEIN and WARNER, JJ., concur.