PER CURIAM.
We affirm the revocation of appellant’s community control due to his discharge from a residential substance abuse treatment program. Unlike the probationer in Rainer v. Stale, 657 So.2d 1230 (Fla. 4th DCA 1995), the evidence supported the conclusion that appellant’s discharge from the program was due to behavior within his control. In this regard, this case is more analagous to Edgerton v. State, 703 So.2d 1249 (Fla. 5th DCA 1998). In Edgerton, the court affirmed a revocation of *1091 probation, observing that while the probationer had several physical ailments, the state’s evidence was that the probationer’s medical problems did not cause his failure to comply with program rules. Here, appellant’s leg injury did not cause him to show disrespect to program staff, to contact the victim in violation of his probation, and to break the program’s phone rules after being warned about his behavior.
Although the trial court orally ruled in this case, we remand the case for the trial court to enter a written order explaining its reasons for the revocation. See Urquiola v. State, 746 So.2d 1206 (Fla. 4th DCA 1999).
STEVENSON, GROSS and HAZOURI, JJ., concur.