814 So.2d 1210 (2002)
Juan GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D01-2796, 4D01-2812, 4D01-2894, 4D01-2895, 4D01-2896.
District Court of Appeal of Florida, Fourth District.
April 24, 2002.
*1211 Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the finding that appellant violated his probation by possessing a stolen vehicle. At the violation of probation hearing, the only evidence that the vehicle was stolen was the arresting officer's testimony about the teletype report. This was hearsay. "Hearsay, though admissible in a probation revocation hearing, is insufficient standing alone to establish a violation of a condition of probation." Wilcox v. State, 770 So.2d 733, 735 (Fla. 4th DCA 2000); accord Render v. State, 755 So.2d 653, 654 (Fla. 4th DCA 1998).
We affirm the trial court's finding that appellant violated his probation for failing to file monthly reports.
The record does not reflect whether the trial court would have revoked appellant's probation based only on the failure to file monthly reports. We therefore remand to the trial court to reconsider its revocation and sentence based upon the remaining violations and to make a determination of whether appellant had the ability to pay regarding the failure to pay restitution. See Thompson v. State, 710 So.2d 80, 82 (Fla. 4th DCA 1998). If the trial court chooses to revoke appellant's probation for the remaining violation(s), it must enter a written order of revocation.
POLEN, C.J., STONE and GROSS, JJ., concur.