828 So.2d 1066 (2002)
Davon TOBIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4132.
District Court of Appeal of Florida, Fourth District.
October 23, 2002.
*1067 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The role and limitations on the use of hearsay in a violation of probation hearing are raised in this appeal. The defendant appeals his conviction and sentence entered after an evidentiary hearing on a violation of probation. He argues that the trial court erred in finding him guilty of failing to report to his probation officer when the only testimony given to support this allegation was hearsay. We agree and reverse the finding of guilt on this allegation. We affirm the trial court's finding of guilt on the remaining allegation. We remand the case to the trial court for reconsideration of the sentence in light of this opinion.
The defendant pled guilty to grand theft, possession of cocaine, and not having a valid driver's license. The court sentenced him to eighteen months probation with special conditions, which included 364 days in the work release center. He was ordered to surrender after January 1, 2000. Subsequently, the trial court entered an order allowing the defendant to surrender on March 30, 2000.
On June 19, 2000, the probation officer filed a violation of probation and alleged that the defendant failed to file monthly reports for March, April, and May, 2000; failed to surrender for work release on March 30, 2000; and failed to pay $800 in restitution.
At the hearing on the violation, the probation officer testified that she received the defendant's case in June, 2000, and *1068 that she had not been the original probation officer on the case. She testified that she had reviewed the file and found that the defendant had failed to file his written monthly reports for March through May. She also verified that he did not turn himself into work release on March 30, 2000.
The defendant testified that he attempted to turn himself in on April 1, 2000, but the jail would not accept him due to a hand injury he had sustained. He testified that he had discussed the matter with his former probation officer, who advised him not to worry about it. The trial court continued the hearing to allow the defendant to call his former probation officer as a witness on his behalf. At the continued hearing, the original probation officer was present, but the defendant did not call her as a witness.
The trial court found that the defendant violated his probation by failing to report to probation for March, April, and May, and failing to surrender for work release on March 30, 2000. The court found the defendant not guilty on the restitution allegation. The court sentenced the defendant to fifty months with credit for time served.
For a violation of a condition of probation to trigger a revocation, the violation must be willful and substantial, and the state must prove it by the greater weight of the evidence. See Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992). We review trial court decisions on violations of probation under an abuse of discretion standard. Matthews v. State, 736 So.2d 72 (Fla. 4th DCA 1999).
Here, the defendant admitted that he did not report to work release on the date required by the trial court order. He contends that his compliance should be excused due to an injury to his hand. However, he was unable to explain how the hand injury prevented him from reporting on time. And, when given the opportunity to call the original probation officer to support his defense, he declined to do so. We find no error in the trial court's ruling that his failure to timely report constituted a willful and substantial violation of a condition of his probation.
With regard to the finding of guilt on the failure to report for three months, we must agree with the defendant. The only evidence to support this allegation was from a probation officer, who was not assigned the case on the months that the defendant failed to report. The defendant argues, and we agree, that the only evidence on this claim was hearsay. An allegation based solely on hearsay cannot be the basis for a finding of guilt. Gonzalez v. State, 814 So.2d 1210 (Fla. 4th DCA 2002). Probation office records concerning the defendant's history of reporting might have been admissible under the business records exception to the hearsay rule, but the State did not choose to introduce them. The finding of guilt on this allegation is reversed.
Because the conviction is now limited to the defendant's failure to report to work release, we remand this case for the trial court's consideration of the defendant's sentence.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
STONE, GROSS and MAY, JJ., concur.