PER CURIAM.
Carlos Fleitas appeals his judgment of conviction and sentence complaining that the trial court improperly excluded his sister from the courtroom at his probation violation hearing. He argues that although he did not object at the time, a contemporaneous objection was not necessary because the hearing was a deferred sentencing proceeding which can be corrected pursuant to Florida Rule of Crimi *377 nal Procedure 3.800. We reject this novel and creative argument. See Leveritt v. State, 817 So.2d 891, 900 (Fla. 1st DCA 2002) (“Objections are required to place the trial court on notice that error may-have been committed to provide the court an opportunity to correct any error.”), citing Castor v. State, 365 So.2d 701, 703 (Fla.1978). A probation violation hearing is subject to the same Florida Evidence Code as any other hearing with the exception that hearsay is admissible. See Gonzalez v. State, 814 So.2d 1210, 1211 (Fla. 4th DCA 2002).
Affirmed.