PER CURIAM.
We reject appellant’s contention that the trial court erred by finding that he violated condition 10(e) of his probation, a condition required by section 948.03(5)(a)5., Florida Statutes (1997). See Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989) (“The failure to object to a condition of probation constitutes acceptance of that condition.”). We also reject appellant’s contention that the trial court failed to make a specific finding that appellant’s violation was either willful or substantial. The required degree of culpability can be easily gleaned from the trial court’s findings describing the incident of violation. Moreover, the record contains ample evidence of appellant’s understanding of the condition of probation because of the cautionary words utilized by the original sentencing judge and, again at the time of his first violation, which involved the same class of forbidden contact as that involved in the present violation. Finally, we reject appellant’s contention that the trial court faded to require sufficient evidence for a revocation of probation. The trial court’s findings concerning the violation are reviewed by this court under an abuse of discretion standard. See, e.g., Tobias v. State, 828 So.2d 1066 (Fla. 4th DCA 2002).
AFFIRMED.
KAHN, WEBSTER and DAVIS, JJ., concur.