PER CURIAM.
Spaulding Hunter, Jr. appeals from an order holding him in indirect criminal contempt of court and sentencing him to ninety days in jail based on the trial court’s determination that Hunter violated the terms of a domestic violence injunction. We reverse the adjudication of contempt because the State’s evidence fell short of proving an intentional violation of the injunction.
The injunction provides in pertinent part:
*678 Within 10 days of the date of this injunction, Respondent shall enroll in and thereafter without delay complete ... within 30 days of the date of this injunction ... [a] certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
The order to show cause charged that Hunter violated the injunction by being terminated from the batterers! intervention program. The evidence at trial showed that Hunter enrolled in the requisite program and attended eight classes. He was terminated when the director of his program, Mr. McMillan, called the police to have Hunter removed from the class due to Hunter’s failure to pay the program fee or to provide proof of community service hours.
The sole witness for the State, Ms. McMillan, another program director, testified that the program allows participants with an inability to pay to complete community service hours in lieu of paying the fee. Hunter had been qualified to do community service hours because he met a certain level of indigency, but he did not complete the hours.
Hunter testified that after the injunction was entered he was sent to prison on an unrelated case for violation of probation and due to his incarceration he lost his Social Security disability benefits. He was presently trying to get the disability payments restored. He testified that he did not have the money to pay the program fees. He attempted to do the community service work at the Palmetto Fairground, but he was unable to because he was sick, suffering from asthma. When he explained his disability to the people at the fairground, they told him they did not want him working there. He did not try to do the hours anywhere else. Hunter left the batterers’ intervention class because he was given a trespass warning and told to stay off the property by the officer who responded to the director’s call. Hunter asserted that he did not have a problem with attending the class but he did not have money to pay for it and he was too sick to work.
The burden of proof in indirect criminal contempt proceedings is beyond a reasonable doubt. Hoffman v. State, 842 So.2d 895, 896 (Fla. 2d DCA 2003). In probation revocation cases, where the burden of proof is a preponderance of the evidence, this court has found that evidence of the type presented in this case fell short of establishing a willful and substantial violation. See Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002) (finding insufficient evidence of a willful and substantial violation for failing to complete sex offender treatment program where defendant testified that he did not have the money to pay for the program); Garcia v. State, 701 So.2d 607, 608 (Fla. 2d DCA 1997) (reversing revocation based on failure to comply with probation officer’s instructions to attend scheduled appointments for psychological evaluation where probationer missed appointments due to lack of transportation and was refused evaluation because he could not pay required fee); see also Jones v. State, 611 So.2d 26 (Fla. 1st DCA 1992) (reversing revocation based on failure to obtain mental health evaluation where order lacked specificity and defendant did not obtain evaluation because he could not afford to pay fee); Meade v. State, 799 So.2d 430 (Fla. 1st DCA 2001) (refusing to pay for polygraph testing, required by treatment *679 counselor, could not support revocation of probation).
Hunter demonstrated a willingness to attend the required classes, and his indigency and disability status were undisputed. We, therefore, reverse based upon the State’s failure to prove an intentional violation of the court order and remand for discharge. Our disposition makes it unnecessary for us to reach the second issue raised on appeal concerning Hunter’s objection to hearsay testimony.
Reversed and remanded.
FULMER, SALCINES, and VILLANTI, JJ., concur.