891 So.2d 1226 (2005)
Tremaine Mayo SINGLETON a/k/a Mayo Tremaine Singleton, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-943.
District Court of Appeal of Florida, Second District.
February 4, 2005.
*1227 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colon, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Tremaine Mayo Singleton appeals an order revoking probation and sentencing him to twenty-four months' imprisonment. Because the State failed to introduce evidence that four out of Singleton's five violations were willful and substantial, we reverse.
On April 19, 2002, Singleton entered a negotiated guilty plea to possession of a controlled substance and obstructing or opposing an officer without violence in exchange for a twelve-month drug offender probation sentence. Singleton violated his probation twice, once in September 2002 and again in March 2003. In March 2003, the court sentenced him to a twenty-four-month suspended prison sentence and twenty-four months' drug offender probation. In 2004, the court again found Singleton in violation of probation. After a hearing, the trial court found that Singleton violated five different conditions of his probation and sentenced him to twenty-four months' imprisonment.
To trigger a revocation of probation, a violation must be willful and substantial, and its willful and substantial nature must be supported by the greater weight of the evidence. Sanders v. State, 675 So.2d 665, 665-66 (Fla. 2d DCA 1996). Here, the trial court's finding that Singleton willfully and substantially violated probationary conditions 3, 8, 17, and 29 was not supported by the evidence. There was evidence of a technical violation of condition 14.
Condition 3 required Singleton to "not change [his] residence or leave the county or state of [his] residence without first procuring the consent of [his] supervising officer." Singleton's probation officer, Jessica Melendez, filed an affidavit of violation of probation in which she alleged that Singleton violated condition 3 because his whereabouts were unknown as of July 14, 2003, and he was considered an absconder. The only evidence in support of this allegation was Melendez's testimony that she went to Singleton's residence at 6:23 p.m. on May 28, 2003, and he was not at home. She left a message for him, but *1228 he did not return her phone call. Melendez took no other action, such as speaking with a landlord, a neighbor, the utility company, or the post office, to confirm her suspicion that Singleton had absconded. See, e.g., Gammon v. State, 778 So.2d 390 (Fla. 2d DCA 2001) (finding a willful and substantial violation when probationer's landlord told a probation officer that the probationer had moved from his approved residence). Singleton testified that he had not changed his residence; he was still living in the residence on file with the Department of Corrections. Additionally, Singleton did not have a curfew and was not under community control. The State's evidence that Singleton was not at home in the evening on one day and did not return one phone message does not support the trial court's finding that he willfully and substantially violated condition 3.
Condition 8 required Singleton to maintain and work diligently at a lawful occupation to the best of his ability. The State's only evidence on this violation was from Melendez, who testified that Singleton never showed her any proof of employment or pay stubs before July 18, 2003, when she went on maternity leave. Singleton testified that he had been looking for a job, asked his evaluator at the Center for Rational Living to help him find a job, and eventually found a job in September 2003 at Sun Trust. He worked for Sun Trust for two months, at which point he had to be hospitalized apparently because someone shot him. Singleton testified that since his release from the hospital, he had been looking for a job but was unable to find one by the time the affidavit of violation was filed on December 29, 2003. At the revocation hearing, the State failed to present any evidence that Singleton had not diligently looked for work during his periods of unemployment after he was released from prison. Therefore, the State failed to meet its burden of establishing a willful and substantial violation of condition 8. See Davis v. State, 867 So.2d 608, 610 (Fla. 2d DCA 2004) (finding no willful and substantial violation of probation when a defendant testified that he was employed at restaurants and sought work during periods of unemployment).
Condition 14 required Singleton to undergo two random urine screens per month. Melendez testified that Singleton failed to report for the month of June to undergo two random urine screens. The State did not present evidence on condition 14 for any other month. Although Singleton appeared confused about the dates in his testimony about the urine screens, he ultimately admitted failing to report for the urine screens in June. The failure to submit to urine screens is a valid basis for revocation. Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999).
Condition 17 required Singleton to re-enter and complete the Center for Rational Living Drug Treatment Program. Melendez testified that she had seen documentation from the Center for Rational Living that Singleton was a no-show on June 13, 2003. Singleton testified that he did not join the program because when he attended an evaluation at the Center for Rational Living, his evaluator told him that he did not want to set him up for failure if he could not pay for treatment because he did not have a job. The State's evidence fails to establish a willful and substantial violation for two reasons. First, condition 17 does not prescribe a time limit for completion of the program. This court has consistently held that failure to enter and complete a drug treatment program does not amount to a willful and substantial violation of probation when the probation order does not prescribe a period of time for entrance or completion. See, e.g., Wilkerson v. State, 884 So.2d 153 (Fla. 2d DCA 2004). Second, Singleton testified that he did not complete treatment at the *1229 Center for Rational Living because he did not have the money to pay for treatment. Singleton's testimony was undisputed. The State therefore failed to prove a willful and substantial violation. See Hunter v. State, 855 So.2d 677, 678-79 (Fla. 2d DCA 2003) (citing Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002), which found insufficient evidence of a willful and substantial violation for failing to complete sex offender treatment program when defendant testified that he did not have the money to pay for the program, and Garcia v. State, 701 So.2d 607, 608 (Fla. 2d DCA 1997), which reversed revocation based on failure to attend psychological evaluation when the probationer was refused evaluation because he could not pay required fee).
Condition 29 required Singleton to attend one Alcoholics Anonymous or Narcotics Anonymous meeting per week and provide his officer with documentation of his attendance. The only evidence of violation was Melendez's testimony that Singleton did not provide "any documentation for any meetings that he had attended." This limited evidence does not reflect a willful and substantial violation. See Jackson v. State, 685 So.2d 7, 7 (Fla. 4th DCA 1996) (reversing an order finding a defendant in violation of probation for failure to attend Narcotics Anonymous or Alcoholics Anonymous meetings when "the only adverse evidence concerned [the defendant] not submitting a written document required by the probation officer that would confirm his attendance").
Competent, substantial evidence did not support the trial court's finding that Singleton had willfully violated conditions 3, 8, 17, and 29. There was competent, substantial evidence that Singleton violated condition 14 of his order by not submitting to two urine screens in June 2003, but the record does not clearly reflect that the trial court would have revoked Singleton's probation and imposed the twenty-four-month sentence based upon this technical violation alone. We therefore reverse the order revoking Singleton's probation and remand for the trial court to reconsider its revocation. See, e.g., Davis v. State, 862 So.2d 931, 935 (Fla. 2d DCA 2004) (remanding for the trial court to consider whether it would have revoked probation based on only a single violation).
STRINGER and WALLACE, JJ., Concur.