931 So.2d 1069 (2006)
Shelby MYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2919.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
*1070 Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Shelby Myers, appeals the trial court's order revoking his probation and sentencing him to twenty-seven years in prison. We reverse, because the trial court abused its discretion in finding a willful and substantial violation of a condition of probation.
Myers pleaded guilty to sexual offenses that arose out of a 1991 incident. In 1998, he was released from prison and his probation commenced. Upon his release, Myers entered a sex offender treatment program which was not a condition of his probation. In 2004, even though he was already attending a sex offender treatment program, the trial court modified Myers' probation to sex offender probation as a result of a minor probation violation. The sex offender probation required as a condition of probation that Myers enter, participate in, and successfully complete a sex offender treatment program.
In January 2005, Myers' probation officer gave him permission to switch to a sex offender treatment program that was closer to where Myers lived, which was in a church serving as a homeless shelter. Before switching programs, the physical location of the first facility required Myers to ride his bicycle for two hours to reach the program. Myers began attending the new program and paid for his treatment at the new facility. However, upon learning that Myers began attending a different treatment program, the director of Myers' initial treatment program objected to the probation office that the officer was allowing Myers to attend a program that was "somewhat easier." The director of the original program felt that Myers' compliance with the program was declining and that he was on "very shaky ground" before transferring programs. However, the state presented no evidence that Myers was told that his status in the initial program was problematic, nor did the state present evidence that Myers had any unexcused absences before he transferred to the new program.
On January 19, 2005, Myers' probation officer instructed him to return to the original treatment program. That same day, Myers went to a treatment session provided by his initial program, but he was not given credit for attending because he did not pay the program fee, and it was not on his assigned night. Five days later Myers missed a treatment session and then missed again a week later. The initial program then terminated Myers from *1071 the program for missing the two sessions without excuse.
At the final hearing, Myers testified that he did not attend the two treatment sessions because he had already paid to attend the new treatment program and did not have the money for the dues at the initial program. Myers testified that if he were released from prison, he would continue treatment. At the conclusion of the hearing, the trial court found Myers' violation to be willful and substantial and sentenced him to twenty-seven years in prison.
"For a violation of a condition of probation to trigger a revocation, the violation must be willful and substantial, and the state must prove it by the greater weight of the evidence." Tobias v. State, 828 So.2d 1066, 1068 (Fla. 4th DCA 2002). This court reviews trial court decisions on violations of probation under an abuse of discretion standard. Matthews v. State, 736 So.2d 72, 75 (Fla. 4th DCA 1999).
Although generally unexcused absences from required therapeutic programs constitute willful violations of probation, see Marcano v. State, 814 So.2d 1174, 1176 (Fla. 4th DCA 2002), in the instant case the state presented insufficient proof of a willful violation. Myers had been attending his initial sex offender treatment program for over six years before he was terminated for the two "unexcused" absences. But Myers' probation officer initially gave him permission to change programs and thus led a probationer with limited means to spend money on a program which he ultimately was not permitted to attend, leaving no funds for him to attend the required program. Thus, the state failed to prove a willful and substantial violation of probation. See Singleton v. State, 891 So.2d 1226, 1228-29 (Fla. 2d DCA 2005) (finding insufficient evidence of a willful and substantial violation where it was undisputed that the probationer did not have the money to pay for treatment at a required drug treatment program). Finally, Myers testified to a willingness to resume treatment. Under the unique circumstances of this case, we find that the trial court abused its discretion in revoking Myers' probation. However, nothing in this opinion should be read as limiting the trial court's authority to order Myers into a specific treatment program.
Reversed.
KLEIN and GROSS, JJ., concur.