COHEN, J.
 

 Phillip Sellers appeals the denial of his motion to dismiss and subsequent revocation of his probation. We reverse and remand for further findings.
 

 After pleading guilty to numerous counts of possession of child pornography, Sellers was sentenced to three years in the Department of Corrections, followed by ten years’ sex offender probation. Shortly after being released from prison, three probation officers searched his residence. Inside were hundreds of videotapes. From these, the probation officers randomly selected five; they also seized two books. Based on the content of these materials, an affidavit of violation of probation was filed which alleged Sellers owned, viewed, or possessed obscene, pornographic, or sexually stimulating visual or auditory material that was relevant to his deviant behavior pattern.
 

 At the violation of probation hearing, the trial court viewed the materials and found that only three of the five videotapes contained sexually explicit material. Regarding the books, the trial court found one no different than “Madame Bovary,” and the other contained “hardcore” images of a sexually explicit nature. It is undisputed that the materials seized only involved adults; none involved children. Nonetheless, the trial court specifically found that in a possession of child pornography case, possession of any pornography or sexually explicit material was relevant and material to Seller’s deviant behavior pattern. Consequently, the trial court revoked Sellers’ probation and sentenced him to fifteen years in the Department of Corrections, followed by fifteen years’ probation.
 

 Of the two arguments Sellers raises on appeal, we need only address his argument that the trial court erred in revoking his probation. Sellers contends there was “no evidence from which an association could be made between the underlying offenses of possession of child pornography and the sexually explicit materials in question,” citing
 
 Kasischke v. State,
 
 991 So.2d 803, 815 (Fla.2008). Stated differently, Sellers contends his proba
 
 *227
 
 tion could not be revoked absent some evidence linking the sexually explicit materials seized from his home to his deviant behavior of possessing child pornography.
 

 The affidavit of violation of probation tracked section 948.03(5)(a)(7), Florida Statutes (2003), which prohibits viewing, owning, or possessing any obscene, pornographic, or sexually stimulating material that is relevant to the offender’s deviant behavior pattern unless such possession is part of a treatment plan. Thus, section 948.03(5)(a)(7) does not prohibit a probationer from possessing any and all obscene, pornographic, or sexually stimulating materials, only those materials that are relevant to the charges for which he was placed on probation. The court in
 
 Ka-sischke
 
 provided little guidance in making this “relevancy” determination.
 

 Whether pornographic, obscene, or sexually stimulating material is relevant to a sex offender’s deviant behavior pattern will undoubtedly depend on the underlying facts and circumstances of the initial offense. In some cases, this determination will be relatively easy and straightforward.
 
 [1]
 
 However, in other cases, when the material is not clearly or closely related to the underlying offense, there must be evidence sufficiently linking the materials to the defendant’s deviant behavior pattern. This will require the State to present evidence establishing a rational relationship between the pornographic, obscene, or sexually stimulating materials and the defendant’s deviant behavior pattern. This may or may not require evidence in the form of expert testimony.
 
 [2]
 

 On this record, we are unable to determine that the trial court’s finding was supported by competent, substantial evidence. In making its determination of relevancy, the trial court did not make any findings describing the nature of the material, its content, and how it related or was relevant to, the defendant’s deviant behavior pattern. The materials were not provided as part of the record.
 

 Consequently, we remand to allow the trial court to provide a basis for this conclusion, specifying what evidence was relied upon and how that evidence was rationally related to Sellers’ deviant behavior pattern.
 

 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 

 SAWAYA, J., and COBB, W., Senior Judge, concur.
 

 [1]
 

 . Materials containing obscene, pornographic, or sexually stimulating images of children would clearly be relevant to Sellers' deviant behavior pattern.
 

 [2]
 

 . Sellers contends that because he was convicted of possession of child pornography, only materials that actually depict children in a sexually explicit manner will meet the
 
 Ka-sischke
 
 test. We disagree. Material that does not actually depict a child could still be relevant to deviant proclivities involving children if the material was sexually explicit and contained a puerile or adolescent theme.