GERBER, J.
The defendant appeals the circuit court’s revocation of his probation for the underlying offense of lewd and lascivious molestation of a child under the age of twelve. The court revoked the defendant’s probation after finding that he possessed pornographic material which allegedly was relevant to his deviant behavior pattern. Pursuant to Kasischke v. State, 991 So.2d 803 (Fla.2008), and Sellers v. State, 16 So.3d 225 (Fla. 5th DCA 2009), we reverse because the state did not present competent, substantial evidence to prove that the pornographic material was relevant to the defendant’s deviant behavior pattern.
In the underlying offense, an eleven-year-old girl was sleeping over at a residence where the defendant was living and, while she was sleeping, he touched her breast and genital area. The defendant pled guilty to that offense. The circuit court sentenced the defendant to a term in prison to be followed by a term of sex offender probation. As part of the probation, the circuit court imposed a condition required by section 948.03(5)(a)7., Florida *1065 Statutes (2001), prohibiting the defendant from “viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender’s deviant behavior 'pattern.” § 948.03(5)(a)7., Fla. Stat. (2001) (emphasis added).
While the defendant was on probation, a team of police and probation officers searched his home. In a closet, the officers found a photo of a naked woman. In the same closet, the officers also found two DVDs, one of which had photos of naked women on its cover. The officers played the DVDs on the defendant’s computer, but according to one officer, they “didn’t watch too much of it.” According to another officer, the DVDs depicted “heterosexual couples rather animatedly involved in sexual intercourse.”
Based on the defendant’s possession of the DVDs, the state charged the defendant with violating the probation condition at issue. At an evidentiary hearing, the state presented the testimony of the investigating officers, who described the DVDs as stated above. After the state rested, the defendant argued the state did not prove that the DVDs were relevant to his deviant behavior pattern. According to the defendant’s counsel:
[A]lthough [the defendant] is not allowed to have pornographic material that’s relevant to the deviant behavior pattern, he should be allowed to have pornographic material that’s not relevant to his deviant behavior pattern; meaning that he should be allowed to have regular heterosexual legal porn.
There’s been no testimony or evidence that the pornographic material in this case was relevant to a deviant behavior pattern. There’s been no testimony or evidence of what this deviant behavior pattern is or was at the time the search was conducted.
The court then addressed the state:
I’m not sure how to reconcile this part of the [probation condition] that says he’s not allowed to possess, own, look at, view pornographically stimulating material that is ... relevant to the offender’s deviant pattern. I don’t know what that means, help me.
... [Defense counsel’s] argument [is] that ... [the defendant] can look at dirty pictures and dirty movies as long as it’s not appealing to his deviant pattern. That’s what I hear [defense counsel] saying, and so he can have kind of run of the mill, ordinary, two consenting adults having sex material because ... there’s no proof or evidence that this somehow conflicts with his deviant behavior pattern.
The state responded:
[T]he original lewd and lascivious molestation was ... that while an 11 year old child ... was sleeping over at the residence ... he touched her breast and genital area.
One of the DVDs that he’s in possession of makes reference, crudely, to female genitalia. Also, the images on the other DVD have what looks like very young girls on them.
[[Image here]]
Having photographic depictions of young looking individuals and pornographic videos would be, at least, relevant to his sexual deviant behavior; and ... considering how we legally define the term ‘relevant’ ... it’s anything having any tendency to make something more or less likely.
The circuit court expressed its understanding of the state’s argument to be “any depiction where there’s — because he was involved in sexually fondling ... a *1066 girl’s vagina — that anything similar of that, irrespective of age, would count.” The state agreed, continuing: “It is females. And I would emphasize the term ‘relevant,’ it doesn’t state ... texturally on its face that it needs to be explicitly corroborative.”
The court then addressed defense counsel:
I’m prepared to make this ... connection that ... it is relevant to [the defendant’s] sexual deviant behavior that ... anything that would appeal to one’s prurient interest involving girls as part of the object of the sexual thing whether it’s two girls, one by herself, [or] a woman and a man. I think that that is relevant to his deviant behavior.
I think that is part and parcel of the charges he pled guilty to ... I think I might be more tempted by [your] argument if ... there were no girls involved, women[,] or irrespective of how young they actually are, or appear.
... I’m not prepared to parse out so finely to say: ‘Oh well, it’s not pictures of young girls, the age of his victim that he possessed, and anything a safe number of years away from that is fair game for him.’
I think that ... the Legislature intended to keep people like [the defendant] from having sexually stimulating material of any nature that, that is same sex victims. So, I’m on board with what [the State is] trying to argue.
... [B]ut I’m not ... making that ruling yet ... I’m inviting you, [defense counsel], to argue further to tell me where I’m going down the wrong path.
Defense counsel responded that the state did not present any evidence regarding the ages of the women on the DVDs. The court then engaged defense counsel in the following exchange:
COURT: Well, the officer talked about it was heterosexual sex.
DEFENSE: Heterosexual adults. COURT: Right, right.
DEFENSE: He said it was heterosexual adults that he viewed.
COURT: Well, I will find ... that based upon the evidence that I have heard ... the material is sexually explicit. It involves women of some age.
The court then questioned one of the officers about the ages of the women on the DVDs. The officer responded: “It’s hard to tell, you would have to look at [the DVDs].”
However, the state did not request the court to look at the DVDs, and the court did not do so on its own. Instead, based on the testimony and arguments presented, the court found that the materials were relevant to the defendant’s deviant behavior pattern. Based on that finding, the court found that the defendant violated the probation condition at issue.
This appeal followed. The defendant argues that the state did not present competent, substantial evidence to show that the DVDs, depicting adult sexual intercourse, were relevant to the deviant behavior pattern of his underlying offense, that is, touching a minor in a sexual manner. Therefore, the defendant argues, the circuit court erred in finding that he violated the probation condition at issue.
We review the circuit court’s decision for an abuse of discretion and to determine whether competent, substantial evidence supported the decision. See Del Valle v. State, 80 So.3d 999, 1009 (Fla.2011) (appellate courts generally apply an abuse of discretion standard when reviewing a trial court’s decision to revoke probation when the issue presented is a question of fact) (citation omitted); Davis v. State, 48 So.3d 176, 179 (Fla. 4th DCA 2010) (“To *1067 revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation.”) (citation and quotations omitted).
Here, we conclude that the circuit court erred in finding that the defendant violated the probation condition at issue. The probation condition at issue arises from section 948.03(5)(a)7., Florida Statutes (2001). That statute, in pertinent part, requires that any order imposing probation or community control upon sexual offenders include:
a prohibition on viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender’s deviant behavior pattern.
§ 948.03(5)(a)7., Fla. Stat. (2001) (emphasis added).[1]
Our supreme court analyzed the statute in Kasischke v. State, 991 So.2d 803 (Fla.2008). At issue in Kasisehke was “whether the statute prohibits sexual offenders serving probation or community control from possessing any pornographic material at all or only such material relevant to the offender’s deviant behavior.” Id. at 805. The court held: “An offender does not violate this condition unless the ‘obscene, pornographic, or sexually stimulating’ material at issue is relevant to the ‘deviant behavior pattern.’ ” Id. at 815. Following Kasisehke, the fifth district, in Sellers v. State, 16 So.3d 225 (Fla. 5th DCA 2009), further explained the statute:
Whether pornographic, obscene, or sexually stimulating material is relevant to a sex offender’s deviant behavior pattern will undoubtedly depend on the underlying facts and circumstances of the initial offense. In some cases, this determination will be relatively easy and straightforward. However, in other cases, when the material is not clearly or closely related to the underlying offense, there must be evidence sufficientr ly linking the materials to the defendant’s deviant behavior pattern. This will require the State to present evidence establishing a rational relationship between the pornographic, obscene, or sexually stimulating materials and the defendant’s deviant behavior pattern. This may or may not require evidence in the form of expert testimony.
Id. at 227 (footnotes omitted). The fifth district then noted: “Material that does not actually depict a child could still be relevant to deviant proclivities involving children if the material was sexually explicit and contained a puerile or adolescent theme.” Id. at 227 n. 2.
Thus, under Kasisehke and Sellers, a defendant’s mere viewing, owning, or possessing of any obscene, pornographic, or sexually stimulating visual or auditory material, such as the DVDs here, cannot constitute a violation of probation unless the state can establish that the material is “relevant to the offender’s deviant behavior pattern.” § 948.03(5)(a)7., Fla. Stat. (2001). The Legislature’s inclusion of that phrase within the statute suggests the Legislature’s recognition that, under certain circumstances, a defendant’s viewing, owning, or possessing of obscene, pornographic, or sexually stimulating visual or auditory material would not be “relevant *1068 to the offender’s deviant behavior pattern.” Otherwise, the phrase would have been unnecessary. See Kasischke, 991 So.2d at 808 (“This phrase must modify something.”); Dennis v. State, 51 So.3d 456, 463 (Fla.2010) (“It is a basic rule of statutory construction that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.”) (citations and quotations omitted).
Here, the state did not present competent, substantial evidence establishing that the DVDs, depicting adult sexual intercourse, were relevant to the defendant’s deviant behavior pattern, that is, touching a minor in a sexual manner. Without the benefit of expert testimony from the state, we conclude that the DVDs would have been relevant to the defendant’s deviant behavior pattern only if they depicted or suggested the following deviant behaviors: (1) viewing or touching a minor, regardless of gender, in a sexual manner, or otherwise containing sexually explicit material with “a puerile or adolescent theme,” Sellers, 16 So.3d at 227 n. 2; or (2) touching another person, regardless of age or gender, in a sexual manner against that person’s will. Each of these scenarios is subsumed within the defendant’s deviant behavior pattern.
The state did not present evidence establishing either of these scenarios. As to the first scenario, the state merely argued that the images on one of the DVDs “look[ed] like very young girls on them.” The state did not present any evidence supporting that argument. On the contrary, when the defendant argued the state did not present any evidence regarding the ages of the women on the DVDs, the court questioned one of the officers about that topic. The officer responded: “I just saw a few seconds ... It’s hard to tell, you would have to look at [the DVDs].” However, the court did not look at the DVDs, and never made a finding that the DVDs depicted minors or suggested the depiction of minors. Rather, the court found that the DVDs involved women “of some age.” Cf. Sellers, 16 So.3d at 226-27 (where the defendant was on sex offender probation for possession of child pornography, the defendant’s mere possession of adult pornography did not provide competent, substantial evidence to revoke the defendant’s probation without further findings). As to the second scenario, the state merely presented evidence that the DVDs depicted, in the words of one of the officers, “heterosexual couples rather animatedly involved in sexual intercourse.” The state did not present evidence that the intercourse, or any other touching which may have occurred in the DVDs, was against any person’s will.
In reaching our conclusion, we disagree with the state’s argument, which the circuit court apparently adopted, that the defendant’s possession of the DVDs violated his probation because the DVDs depicted females and the underlying victim was female. Without the benefit of expert testimony from the state, we have no basis to conclude that gender, by itself, was relevant to the defendant’s deviant behavior pattern. More importantly, the state’s gender-based argument seems illogical if it permitted the defendant to have possessed the DVDs at issue only if the persons depicted in the DVDs were all male or if the victim in the underlying case was male.
By our opinion today, we do not mean to suggest that the state never could have met its burden of proof in this case. For example, as the fifth district suggested in Sellers, the state had the opportunity to present expert testimony which may have shown a rational relationship between the DVDs and the defendant’s deviant behavior pattern. If the state presented such *1069 expert testimony, and if the circuit court found such expert testimony to be credible in its findings, then perhaps this court would have found that the circuit court’s findings were not in error. While the state is not required to present expert testimony to meet its burden of proof, such expert testimony may have benefitted the state’s case here. However, the state did not pursue that opportunity in this case.
Based on the foregoing, we reverse the circuit court’s final judgment to the extent it was based on the defendant’s alleged violation of probation. We remand for the circuit court to vacate the final judgment and the resulting sentence and to conduct any further proceedings consistent with this opinion.

Reversed and remanded for proceedings consistent with this opinion.

TAYLOR and CIKLIN, JJ., concur.

. The Legislature has since renumbered and amended the statute in a manner not relevant here. See § 948.30(l)(g), Fla. Stat. (2004).