SILBERMAN, Judge.
Marcus T. Brown appeals from an order revoking his sex offender probation, arguing that the State did not present competent, substantial evidence to support the revocation. The State has appropriately conceded error. Accordingly, we reverse and remand for further proceedings.
After a routine search of his home, Brown was charged with a violation of condition 22 of his sex offender probation, which prohibited him from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating material relevant to his deviant behavior pattern. Specifically, Brown’s probation officers discovered two allegedly pornographic videotapes, one of which was in Brown’s VHS player. The State did not elicit much information about the VHS tapes at the violation of probation hearing, other than their titles. One probation officer described hitting the VHS play button and finding “sexual content.” Brown testified that he had received these tapes from a friend. When he put one of them in the player, he saw “nasty” images and immediately turned it off and began watching TV.
Not only did the State fail to submit evidence about the specific sexual content on the videotapes, it also failed to elicit any information about the factual circumstances of the offenses for which Brown had been placed on probation. The record demonstrates that Brown entered a plea in 2004 to one count of attempted sexual battery on a child under twelve and one count of lewd act. For the attempted sexual battery he was sentenced to ten years in prison followed by seven years of probation, and for the lewd act he was sentenced to ten years in prison followed by five years of probation, the sentences to be served concurrently. After serving an unspecified number of years in prison, Brown was released on sex offender probation. The State presented nothing at the hearing about the details of Brown’s offenses. Nevertheless, after determining that Brown had committed a willful and substantial violation by possessing and viewing a pornographic videotape, the trial court revoked his probation. The court sentenced him on the attempted sexual battery to twenty years in prison followed by ten years’ probation, and on the lewd act to a concurrent term of fifteen years in prison.
The trial court committed reversible error by revoking Brown’s probation *486 without sufficient evidence that the videotapes Brown possessed were relevant to the deviant behavior for which he had been convicted. In Kasischke v. State, 991 So.2d 803, 815 (Fla.2008), the supreme court examined the statute[1] that prohibits sexual offenders on probation from possessing pornographic or obscene material and determined that “[a]n offender does not violate this condition unless the ‘obscene, pornographic, or sexually stimulating’ material at issue is relevant to the ‘deviant behavior pattern.’ ” Whether this relevance requirement can be met will depend upon an examination not only of the pornographic or obscene material but also of the underlying circumstances of the probationer’s offenses. See Sellers v. State, 16 So.3d 225, 227 (Fla. 5th DCA 2009). As noted in Bauer v. State, 96 So.3d 1063, 1067-68 (Fla. 4th DCA 2012), the legislature’s inclusion of the requirement that the material be relevant to the deviant behavior pattern reflects its “recognition that, under certain circumstances, a defendant’s viewing, owning, or possessing of obscene, pornographic, or sexually stimulating visual or auditory material would not be ‘relevant.’ ” For the State to meet its burden for revocation of probation for violation of this condition, it may be necessary in some instances to present expert testimony. Id. at 1068-69; Sellers, 16 So.3d at 227.
Here, the crucial factor of relevance of the pornographic material to Brown’s deviant behavior pattern cannot be derived from the evidence submitted to the trial court. Absolutely nothing about the underlying offenses or Brown’s deviant behavior pattern was presented by the State. Furthermore, no one appears to have closely examined the videotapes, and the trial court did not do so. In an entirely conclusory summation at the end of the case, the prosecutor argued simply that “based on the fact that one of these tapes dealt with what at least appeared to be younger adults I don’t think this was actual child pornography but we feel he is a risk to the community at this point.” Despite the fact that the evidence presented by the State was legally insufficient, the trial court found that Brown had committed a willful and substantial violation, revoked his probation, and sentenced him to prison.
Because the trial court improperly revoked Brown’s probation on insufficient evidence, we reverse and remand for the trial court to vacate Brown’s prison sentence and reinstate him to probation. See Miller v. State, 958 So.2d 981, 985 (Fla. 2d DCA 2007); Hicks v. State, 890 So.2d 459, 462 (Fla. 2d DCA 2004).
Reversed and remanded.
DAVIS, C.J., and WALLACE, J., Concur.

. § 948.03(5)(a)(7), Fla. Stat. (1998). The statute has been amended and renumbered, see § 948.30(l)(g), Fla. Stat. (2012), but the changes have no effect on this disposition.