DAMOORGIAN, J.
Defendant, Clalibeltha Charles, appeals the revocation of her probation for technical violations and commission of a new law violation, and the resulting 40.5 month prison sentence. After carefully reviewing the record, we hold that the evidence against Defendant was insufficient to support the conclusion that she willfully violated the terms of her probation. See Shepard v. State, 939 So.2d 311, 313 (Fla. 4th DCA 2006) (“It is well-settled that probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation.”).

Factual Background

While Defendant was on probation, her probation officer filed an Affidavit of Violation, alleging that she violated her probation by: 1) failing to successfully remain in drug/alcohol treatment until the provider determines that treatment is no longer necessary; 2) changing her residence without procuring the consent of the probation officer; and 3) failing to live and remain at liberty without violating any law by being cited for driving without a license.
At the violation of probation (“VOP”) hearing, the court heard testimony from Defendant and her probation officer. With respect to the first basis alleged in the VOP affidavit, the probation officer testified that she received notice from Defendant’s treatment center that Defendant was unsuccessfully discharged from its program after she missed two scheduled sessions. The probation officer did not provide further details regarding the missed sessions.
In reference to Defendant’s change of address, the probation officer testified she discovered Defendant moved after she went to Defendant’s last known residence, a pay by the week motel, to conduct a home visit upon learning that the Department of Children and Families (“DCF”) had sheltered one of Defendant’s children. At that time, the motel manager informed the officer that Defendant was no longer staying at the hotel. The officer was not able to contact Defendant because Defendant did not have a working telephone. Defendant reported to her probation meeting eleven days later, at which time Defendant provided the officer with a new address.
The officer did not provide any testimony as to the charge that Defendant failed to live and remain at liberty without violating any law by being cited for driving without a license and the State did not present any additional evidence on this charge.
Defendant did not deny that she was discharged from her treatment program nor that she moved without giving prior notice. However, she provided testimony establishing that both alleged violations were influenced by outside conditions. With respect to her treatment program discharge, Defendant explained that she actually tried to attend both of her missed sessions but was turned away by the facility both times. The first time, she was turned away because she had her two infant children with her. Defendant testified that she had to bring her children because she had no one to watch them and had no money to pay for childcare. Defendant was able to secure childcare for her next appointment, but was again turned away because she was five minutes late. *34 Defendant explained that her tardiness was the result of waiting on the babysitter.
With respect to the change in her residence, Defendant testified that she was abruptly evicted from the motel she was staying at after she could not come up with the weekly rent. Defendant did not immediately let her probation officer know about the change in residence because she did not have a phone and was temporarily homeless and without a new address to report. As the result of her displacement, one of Defendant’s children went to stay with the child’s father and the other was taken into DCF custody. Defendant stated that she informed her probation officer of her new address as soon as she secured a place to stay.
At the conclusion of the presentation of the evidence, the court orally pronounced its finding that Defendant willfully violated the terms and conditions of her probation by failing to notify her probation officer of where she was living and by failing to complete the drug treatment program. It then revoked Defendant’s probation and sentenced her to 40.5 months in prison on the underlying convictions for which Defendant was on probation. In its written order of revocation, the court found that Defendant violated all three conditions outlined in the State’s VOP affidavit. This appeal follows.

Analysis

“ ‘For a violation of a condition of probation to trigger a revocation, the violation must be willful and substantial, and the state must prove it by the greater weight of the evidence.’ ” Myers v. State, 931 So.2d 1069, 1071 (Fla. 4th DCA 2006) (quoting Tobias v. State, 828 So.2d 1066, 1068 (Fla. 4th DCA 2002)). “This court reviews trial court decisions on violations of probation under an abuse of discretion standard.” Id.
• Discharge from Treatment Center
“A revocation based on the failure to complete a rehabilitation program must be shown to be the probationer’s fault.” Rainer v. State, 657 So.2d 1230, 1230 (Fla. 4th DCA 1995). Accordingly, “[i]f a probationer makes reasonable efforts to comply, his failure will not be considered willful.” Thomas v. State, 672 So.2d 587, 589 (Fla. 4th DCA 1996).
Here, the only evidence establishing why Defendant missed her sessions and was therefore discharged from her treatment program came from Defendant herself. She testified that on both occasions she showed up to her sessions, but was turned away after she brought her children and then after she was five minutes late as a result of trying to secure childcare. This evidence established that Defendant made reasonable efforts to attend her treatment sessions but was thwarted by her childcare issues. Defendant’s circumstances fall in line with eases wherein the courts have held that the probationer did not willfully violate probation. Thomas, 672 So.2d at 589 (trial court abused its discretion in finding that probationer willfully violated term of probation by being discharged from treatment center when discharge was the result of the probationer missing curfew due to a flat tire); Rainer, 657 So.2d at 1230 (reversing revocation of probation based on probationer’s failure to complete rehab treatment where probationer’s unconverted testimony established that his Crohn’s disease “interfered with his ability to follow instructions” and led to his discharge).
Because the uncontroverted evidence established that Defendant attempted to attend her scheduled sessions but was turned away and discharged from her treatment program due to her childcare issues, the court abused its discretion in *35 finding that Defendant s violation was willful.
• Change of Address
As to the charge that Defendant changed her address without obtaining the consent of her probation officer, we focus our attention on whether Defendant’s failure to obtain such permission was willful. Our Court has previously held that when a probationer becomes displaced from his/ her residence with little notice and is made temporarily homeless, the probationer’s failure to procure permission to change residences cannot be considered a willful violation of probation. See, e.g., Williams v. State, 896 So.2d 805, 806 (Fla. 4th DCA 2005) (record did not support court’s revocation of probation based on failure to obtain approval before changing address because evidence established that appellant was forced to leave his residence and was living on the street); see also Van Wagner v. State, 677 So.2d 314, 316-17 (Fla. 1st DCA 1996) (failure to provide new address when temporarily homeless was not willful noncompliance with term of probation). By our holding, we do not suggest that a probationer can never be charged with willfully violating his/her probation by becoming temporarily homeless. However, in this case, the State failed to present any evidence that Defendant became homeless due to any intentional conduct.
• New Law Violation for Driving Without a License
As discussed above, in its written order, the court found that Defendant violated a term of her probation by being cited for driving without a license. However, the State did not mention this ground or submit any evidence proving it at Defendant’s VOP hearing.

Conclusion

In sum, we conclude that Defendant’s testimony established her violations of probation were not willful and substantial, and the State did not present any evidence to the contrary. Accordingly, we reverse the revocation of probation and sentence, and remand to the circuit court for reinstatement of probation.

Reversed.

CIKLIN, C.J., and MAY, JJ„ concur.