DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARYL TINDALL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2703

[January 8, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Laurie E. Buchanan, Judge; L.T. Case No. 472006CF000900A.

Carey Haughwout, Public Defender, and Paul Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mary Elizabeth Johnson, Assistant Attorney General, Tampa, for appellee.

GROSS, J.

Daryl Tindall appeals an order revoking his probation and the resulting prison sentence. We reverse because the State failed to prove a violation of the specific condition upon which it had relied to seek revocation of probation.

### *The Violation of Probation Proceeding in the Circuit Court*

Tindall was convicted of sexual battery against two girls, ages six and seven. He committed the offenses in 2006 when he was a juvenile—specifically, when he was 16 years old. He was initially sentenced to life in prison. Three times, he successfully appealed his sentence, and three times, he was resentenced. Tindall's third resentencing occurred in 2023, when he was 32 years old.

At his third resentencing, the trial court heard testimony from one of the victims detailing Tindall's crime against her. The court sentenced

Tindall to time served in prison (15 years) and placed him on probation for 10 years.

A condition of Tindall's probation is that he is prohibited from possessing pornographic materials "that are relevant to the offender's deviant behavior pattern."[1]

During the probationary term, a probation officer discovered five DVDs with pornographic covers or labels in Tindall's house. The five DVDs were titled: "Sex from the North," "Brunettes Have More Fun," "Hometown Amateurs," "One on One," and "Sorority Self-Masturbation Satisfaction." All the DVD covers or labels appeared to show young women, but not children or adolescents. The "Sorority" DVD label depicted a woman's face and was not sexually explicit. The other DVD covers or labels were either sexually explicit or sexually suggestive. The probation officer took photos of each DVD or its case, but she did not watch the DVDs or collect them.

Tindall was charged with violating his probation for possessing these DVDs. At the probation revocation hearing, the prosecution entered the pictures of the DVDs or their covers into evidence but did not introduce the DVDs themselves. Because the probation officer did not review the videos, she did not know if they contained anything relevant to Tindall's "deviant behavior pattern."

In closing argument, the prosecutor emphasized the age difference between the defendant and college coeds, arguing that Tindall violated probation because he was in possession of the "Sorority" DVD. The prosecutor asserted that this video appealed to a puerile or adolescent theme because it "specifically says college coeds [or] sorority girls." After pointing out that Tindall was nine or ten years older than the victims, the prosecutor argued: "He's thirty-three now. The average college age student is eighteen to twenty-one, maybe up to twenty-four, still ten years younger than him, still female, still with an adolescent theme."

Defense counsel responded that the State had presented no evidence of the videos' content and "no evidence that they depict any children or anyone pretending to be a child."

The trial court found Tindall in violation of probation, reasoning that the pornographic materials were directly on point to his sexual deviance.

---

[1] We note that had Tindall's offenses occurred on or after October 1, 2014, he would not have been permitted to possess any pornography (unless indicated in a treatment plan). § 948.30(5), Fla. Stat. (2014).

Focusing on the "Sorority" DVD depicting college girls, the court reasoned that the DVDs were relevant to the defendant's offenses because the original victims were about ten years younger than Tindall when he committed the crimes at age 16, and the young women displayed on the DVDs were at least nine or ten years younger than Tindall's current age of 33.

The court revoked Tindall's probation and sentenced him to 30 years in prison on one count of sexual battery and to a concurrent term of 15 years in prison on the other count.

### *Analysis*

Concerning the pre-2014 statutory condition of probation applicable to this case, the Florida Supreme Court has held that "[a]n offender does not violate this condition unless the 'obscene, pornographic, or sexually stimulating' material at issue is relevant to the 'deviant behavior pattern.'" *Kasischke v. State,* 991 So. 2d 803, 815 (Fla. 2008). Therefore, a defendant's mere viewing or possession of "obscene, pornographic, or sexually stimulating" material "cannot constitute a violation of probation unless the state can establish that the material is 'relevant to the offender's deviant behavior pattern.'" *Bauer v. State,* 96 So. 3d 1063, 1067 (Fla. 4th DCA 2012).

"Whether pornographic, obscene, or sexually stimulating material is relevant to a sex offender's deviant behavior pattern will undoubtedly depend on the underlying facts and circumstances of the *initial offense.*" *Sellers v. State,* 16 So. 3d 225, 227 (Fla. 5th DCA 2009) (italics supplied). When the material is not clearly or closely related to the underlying offense, the State is required "to present evidence establishing a rational relationship between the pornographic, obscene, or sexually stimulating materials and the defendant's deviant behavior pattern. This may or may not require evidence in the form of expert testimony." *Id.* "Material that does not actually depict a child could still be relevant to deviant proclivities involving children if the material was sexually explicit and contained a puerile or adolescent theme." *Id.* at 227 n.2.

In *Bauer,* we held that "the state did not present competent, substantial evidence establishing that the DVDs, depicting adult sexual intercourse, were relevant to the defendant's deviant behavior pattern, that is, touching a minor in a sexual manner." 96 So. 3d at 1068. Without expert testimony from the State, we concluded that the adult DVDs would have been relevant to the defendant's deviant behavior pattern only if the DVDs had depicted or suggested the following: "(1) viewing or touching a minor,

regardless of gender, in a sexual manner, or otherwise containing sexually explicit material with 'a puerile or adolescent theme'; or (2) touching another person, regardless of age or gender, in a sexual manner against that person's will." *Id.* (internal citation omitted). We noted that the State "did not present evidence establishing either of these scenarios." *Id.*

Similarly, in *Brown v. State*, 117 So. 3d 484, 486 (Fla. 2d DCA 2013), the Second District held that the State's evidence was legally insufficient to support the revocation of the defendant's probation where "the crucial factor of relevance of the pornographic material to [the defendant's] deviant behavior pattern cannot be derived from the evidence submitted to the trial court." The court explained that "[a]bsolutely nothing" about the defendant's deviant behavior pattern had been presented by the State, no one had closely examined the videotapes, and the prosecutor had simply argued that "one of these tapes dealt with what at least appeared to be younger adults." *Id.*

Here, the State failed to present competent, substantial evidence establishing that the adult DVDs in Tindall's possession were relevant to his deviant behavior pattern—touching minors in a sexual manner. Because the State did not present expert testimony below, the State needed to prove that the DVDs in Tindall's possession either (1) depicted or suggested the viewing or touching of a minor in a sexual manner, or otherwise contained sexually explicit material with a puerile or adolescent theme, or (2) depicted or suggested the touching of another person in a sexual manner against that person's will. *See Bauer*, 96 So. 3d at 1068. The State failed to prove either scenario.[2]

As for the first scenario, the State failed to prove that the DVDs depicted or suggested the viewing or touching a minor in a sexual manner or otherwise contained sexually explicit material with a "puerile or adolescent theme." Given the plain and ordinary meaning of the terms "puerile" and "adolescent," particularly when used in the context of a sentence discussing the depiction of "a minor" in a sexual manner, the phrase "puerile or adolescent theme" in *Bauer* refers to a theme involving minors. *See Black's Law Dictionary* 49 (6th ed. 1990) (defining "adolescence" as "[t]hat age which follows puberty and precedes the age of majority"); *Puerile, Merriam–Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/puerile (last visited Dec. 16, 2024) (defining "puerile" as "juvenile").

---

[2] On appeal, the State correctly concedes error on this point.

In this case, the State did not introduce the DVDs into evidence. Neither the trial court, nor the probation officer, ever watched the DVDs. All the DVD "artwork" appeared to show young women, but the State offered no proof that they were children or adolescents. Rather, the women appeared to be adults no younger than their late teens or early twenties. Although most of the DVD "artwork" was either sexually explicit or sexually suggestive, the picture on the "Sorority" DVD label showed only a woman's face and was not sexually explicit. While the title of the "Sorority" DVD indicated that its theme involved college or sorority girls, this was legally insufficient, without more, to show that the DVD contained sexually explicit material with a "puerile or adolescent theme."

College-age women are adults—they are not children or adolescents. The State did not prove that an adult film with a sorority theme was relevant to Tindall's deviant behavior pattern. That Tindall was about ten years older than the victims when he committed the offenses in 2006— and at the time of the VOP hearing was about ten years older than college-age women—does not establish that the "Sorority" DVD was relevant to his deviant behavior pattern. Tindall's deviant behavior pattern was that he committed sexual battery against two pre-pubescent girls, not that he was attracted to adult women ten years his junior.

As to the second scenario, the State offered no proof that any of the DVDs depicted or suggested non-consensual touching.

We reject the State's argument that we should remand for the trial court to conduct a new revocation hearing. We distinguish *Bauer* and *Sellers*. In *Sellers*, the Fifth District remanded for further findings based on the evidence presented at the probation revocation hearing. 16 So. 3d at 227. Similarly, in *Bauer*, we reversed and remanded "for the circuit court to vacate the final judgment and the resulting sentence and to conduct any further proceedings consistent with this opinion." 96 So. 3d at 1069. There, even though the trial court had not looked at the DVDs at the original revocation hearing, the DVDs appear to have been introduced into evidence, so they would have been available on remand for the trial court to determine if they depicted minors or a "puerile or adolescent theme." *Id.* at 1066–67. In this case, neither the court nor the probation officer had viewed the DVDs, nor did the State introduce the DVDs into evidence. This is not a case where the trial court could make further findings based on the existing record that could support a probation revocation.

The typical remedy when the State fails to prove a probation violation with competent, substantial evidence is to reverse and remand with instructions to reinstate probation. *See, e.g., Adams v. State*, 202 So. 3d

954, 954 (Fla. 4th DCA 2016) (remanding for reinstatement of probation where State failed to prove willful violation); *Charles v. State*, 209 So. 3d 32, 35 (Fla. 4th DCA 2016) (same).

We therefore reverse both the revocation order and sentence, and remand with directions to reinstate probation.

*Reversed and remanded.*

LEVINE and KUNTZ, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***